Per Curiam.

The appeal in this matter was remitted to the County Court of Ulster County so as to afford an opportunity to the People and the defendant to offer further proof, if either desired, as to the proceedings when defendant was arraigned and a plea of guilty was entered. It now appears that neither side desires to offer further proof, or that no further proof is available to supplement the record, and hence the remission is withdrawn and the appeal is restored to the calendar of this court for decision.
Defendant was indicted for the crime of grand larceny in the first degree. A plea of guilty was entered and he was sentenced April 8, 1940, by the County Court of Ulster County (Feomer, J.), as a second offender, to a term of imprisonment of not less than ten years minimum and a maximum of not more than twenty years.
On the 30th day of September, 1948, defendant moved before the County Court of Ulster County to have his conviction and sentence vacated and set aside upon the ground that the same were illegal because the People had failed to show that he was a second offender within the meaning of the Penal Law.
An examination of the record, which contains a copy of the stenographic minutes of the proceedings at the time of defendant’s arraignment and plea, conclusively shows that a plea of guilty was entered for him by the attorney who had been assigned *261 to defend him. This was in violation of section 335 of the Code of Criminal Procedure which provides, in substance, that a plea of guilty can only be put in by the defendant himself when the crime charged is a felony. "We find no authority permitting a waiver of the requirement of this section and, in our opinion, it would be contrary to public policy to hold that a defendant may waive this statutory requirement. Hence we are constrained to find that the County Court was without jurisdiction to impose sentence, and that the conviction and sentence were illegal and void. In view of this determination it is not necessary to pass upon the question of whether the defendant was properly sentenced as a second offender.
The judgment of conviction and sentence should be set aside and the defendant remanded to the custody of the Sheriff of Ulster County for trial.
Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ., concur.
Remission to the County Court, Ulster County, which was ordered on March 10,1949, is withdrawn and the appeal restored to the calendar of this court for decision.
Judgment of conviction reversed, on the law, sentence vacated, and the defendant is remanded to the custody of the Sheriff of Ulster County for trial.